**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY,  )<br>RUBBER MANUFACTURING, ENERGY,  )<br>ALLIED INDUSTRIAL AND SERVICE  )<br>WORKERS, AFL-CIO-CLC, LOCAL 9489,  )<br>                                                              )<br>           **Plaintiff,**                                     )<br>                                                              )<br>       v.                                                    )<br>                                                              )<br>GOVERNMENT OF THE VIRGIN ISLANDS,  )<br>GOVERNOR JUAN F. LUIS HOSPITAL  )<br>AND MEDICAL CENTER,                         )<br>                                                              )<br>           **Defendant.**                                 )<br>_____)| Civil Action No. 2017-0005 |

**Attorneys:**
**Michael J. Stanford, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Zuleyma Marie Chapman, Esq.**
St. Croix, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on a Motion for Summary Judgment filed by Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Services Workers International Union AFL-CIO-CLC Local 9489 ("Plaintiff" or "USW") to enforce an Arbitration Award against Defendant Government of the Virgin Islands on behalf of the Governor Juan F. Luis Hospital and Medical Center ("Defendant" or "the Government"). (Dkt. No. 18). Also pending before the Court is Defendant's Motion to Dismiss for failure to state a claim (Dkt. No. 17), and Defendant's Informative Motion, wherein Defendant requests that if the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion to Dismiss,

the Court order the Chief Executive Officer and Chief Financial Officer of the John F. Luis Hospital and Medical Center to attend all conferences and hearings before the Court (Dkt. No. 24).

For the reasons that follow, the Court will grant Plaintiff's Motion for Summary Judgment in part. Specifically, the Court will enforce the Arbitrator's Award, but will deny Plaintiff's request for attorneys' fees. With respect to Defendant's motions, the Court will deny Defendant's Motion to Dismiss and will deny without prejudice its Informative Motion.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff USW—the exclusive bargaining representative for certain personnel employed at the Governor Juan F. Luis Hospital and Medical Center ("Hospital")—commenced this action by filing a Complaint against Defendant to enforce an Arbitration Award. (Dkt. Nos. 1 at 1, 4 at 4). The parties subsequently filed the motions that are presently before this Court. (Dkt. Nos. 17, 18, 19).

USW and the Government are parties to a Collective Bargaining Agreement ("CBA" or "Agreement"), the "purpose and intent" of which is, inter alia, to "set forth certain agreements pertaining to terms and conditions of employment to be observed between the parties . . . ." (Dkt. No. 19 Ex. 3 at 4). Article XIII of the CBA delineates the grievance and arbitration procedure for resolving disputes between USW and the Government that are governed by the Agreement. Under the CBA:

> *Article XIII, Section 1* defines a grievance as "a complaint, dispute, or controversy between the parties as to the interpretation, violation, application or performance of this Agreement." (Dkt. No. 19 Ex. 3 at 34).
>
> *Article XIII, Section 2* states that the grievance procedure, including arbitration, "shall be the exclusive means of settlement of all grievances arising under this Agreement." *Id*.

> *Article XIII, Section 8G* establishes that the Arbitrator's decision "shall be final and binding on both parties to this Agreement and the grievant." *Id.*
>
> *Article XIII, Section 15A* states that "[n]o employee shall be suspended or discharged except for just cause." *Id*. at 38.
>
> *Article XIII, Section 15B* states that "[g]rievances arising from suspension, demotion or discharge shall be appealed in writing directly to the Agency Head within ten (10) work days of notice of such action. Such grievance shall be heard by the Agency Head within ten (10) work days and a written decision shall be submitted to the Union within ten (10) work days. In the event the grievance remains unsettled, the Representative of the International Union may by written notice to the Agency Head, within ten (10) work days of receipt of the latter's decision, appeal the matter to arbitration as set forth in this Article." *Id*.
>
> *Article XIII, Section 15C* provides as follows: "If an employee is suspended or discharged for cause, his right to compensation shall remain unaffected until a grievance challenging the suspension or discharge has been finally disposed of or the time in which to file a grievance has expired, whichever occurs earlier." *Id*. at 39.

The arbitration which is the subject of the instant matter originated from a dispute over the Hospital's termination of Joseph Bramble ("Bramble"). Bramble worked as the Hospital's Payroll Supervisor until he was placed on leave without pay on October 31, 2014. (Dkt. No. 19 Ex. 4 at 1-15). He was ultimately terminated on November 14, 2014. *Id*. The Hospital alleged that Bramble's failure to follow payroll procedures resulted in the disbursement of two large checks to a hospital employee for backpay which were not properly approved and reviewed by the appropriate administrative authorities. *Id*. Because Bramble's position was covered by the parties' CBA, the parties apparently went through its internal procedure for the processing and disposition of grievances, which ultimately led to arbitration. *Id*. at 1, Ex. 1 ¶ 5.

Following an arbitration hearing (Dkt. No. 19 Ex. 1 ¶ 6), Arbitrator Jeanne M. Vonhof issued a Decision and Award (Dkt. No. 19 Ex. 4). The Arbitrator denied USW's grievance in part as it related to Bramble's discharge, finding that he was discharged for just cause for failing to properly follow payroll procedures. *Id*. at 28. However, the Arbitrator also found that the

3

Government had violated Article XIII, Section 15C of the CBA. *Id*. at 29. According to the Arbitrator:

> This provision . . . guarantees a right to continued compensation to an employee who is suspended or discharged for cause "*until a grievance challenging the suspension or discharge has been finally disposed of* or the time in which to file a grievance has expired, whichever occurs first." Here the Arbitrator concludes that a grievance over the discharge was filed on a timely basis, and therefore, the second condition . . . does not apply. *The grievance is finally disposed of with this Award and Decision*, and therefore, under the plain language of the collective bargaining agreement, the Grievant is entitled to compensation up until the date of the Award.

*Id*. (emphasis added). The Arbitrator also found that "the parties have not provided evidence of any other dispute or agreement regarding this grievance that would limit the compensation to be awarded under Article XIII," and retained jurisdiction over the remedy portion of the Arbitration Award. *Id*.

The Government submitted to the Arbitrator a "Motion for Partial Reconsideration of the Arbitrator's Award." (Dkt. No. 19 Ex. 5). In its Motion, the Government requested that the Arbitrator reconsider her interpretation of the CBA regarding what is considered a "final disposition" of the grievance. *Id.* at 2. The Government argued that the relevant language of Article XIII Section 15C of the CBA is standard in every collective bargaining agreement; however, in the Government's experience, this is the first time compensation was awarded to a grievant like Bramble whose grievance was dismissed and who was ultimately terminated. *Id*. at 2-3. Thus, the Government sought reconsideration of the Arbitrator's decision that the issuance of the Arbitration Award marks the "final disposition" of Bramble's grievance. *Id*. at 3. According to the Government, the "final disposition" is the decision on the grievance at the *departmental level*. *Id*.

Plaintiff USW responded by arguing that the Arbitrator did not have authority to reconsider the Arbitration Award. (Dkt. No. 19 at Ex. 6). USW maintained that under the terms of the CBA, the Arbitration Award is "final and binding," and according to the doctrine of *functus officio*, the

4

Arbitrator's jurisdiction over the grievance ended once she had rendered her decision. *Id.* Plaintiff therefore requested that the Arbitrator "decline to extend [her] jurisdiction in a manner to which the parties have not mutually consented." *Id*.

Following additional oral and written submissions, the Arbitrator issued a ruling denying the Government's Motion for Reconsideration. (Dkt. No. 19 Ex. 8). The Arbitrator reiterated that her conclusion that the Arbitration Award was the "final" disposition of the grievance was "based only on the language of the agreement," *id*. at 4, and that the Government's Motion for Reconsideration was "in essence" an argument that the Arbitrator's interpretation of the contractual terms was mistaken. *Id*. However, according to the Arbitrator, this type of "mistake" is not of the inconsequential variety contemplated under the exception to the rule of *functus officio*, and that, under that doctrine, she had no authority to reconsider her Award without the mutual consent of the parties. *Id*. The Arbitrator concluded by stating that her remaining jurisdiction over the grievance was limited to determining any issues regarding the remedy in this case. *Id*. at 5.

The Government has not complied with the Arbitration Award granting compensation to Bramble, thus precipitating USW's filing of the instant matter.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Motion to Dismiss

"[A] motion for judgment on the pleadings based on the theory that the plaintiff failed to state a claim is reviewed under the same standards that apply to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146-47 (3d Cir. 2013) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Matta v. Gov't of Virgin Islands*, 2014 WL 4243673, at *3 (D.V.I. Aug. 27, 2014) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 at

5

218-21 (3d ed. 2004) (Rule 12(c) can serve as "an auxiliary device that enables a party to assert certain procedural defenses after the close of pleadings.")).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal based on failure to state a claim upon which relief can be granted. The Third Circuit, through *Connelly v. Lane Const. Corp.*, follows the analysis established by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when dismissing under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S. Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679, 129 S. Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (footnote omitted).

Accepting all well-pleaded factual allegations as true, courts must "construe the complaint in the light most favorable to the plaintiff . . . ." *Advanced Rehab., LLC v. United Health Group, Inc.*, 498 Fed. App'x 173, 176 (3d Cir. 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)) (quotations omitted). "A district court may grant the motion to dismiss only if . . . it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta v. Hovensa,* LLC, 53 V.I. 762, 771 (D.V.I. 2010) (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)). "The defendant bears the burden of showing that no claim has been presented." *Hedges*

*v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991)).

  **B.** **Summary Judgment**

  To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015).

  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Mahoney v. McDonnell*, 616 F. App'x 500, 504 (3d Cir. 2015) (citing *Celotex*, 477 U.S. at 323). Once the moving party meets this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* Fed. R. Civ. P. 56(c).

  In reviewing a motion for summary judgment, "[a]ll facts are viewed in the light most favorable to the nonmoving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). Additionally, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks Cnty. Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (quoting *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998)) (internal quotation marks omitted).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 249. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Fontroy v. Beard*, 559 F.3d 173, 182 (3d Cir. 2009) (citations omitted).

### C.   Arbitration Award

Labor arbitrators are held by federal labor law to "an exalted status." *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1126 (3d Cir. 1969); *see also Matteson v. Ryder Sys. Inc.*, 99 F.3d 108, 113 (3d Cir. 1996) ("[T]here is no doubt that our review of the interpretation of a submission is highly deferential."). Thus, "[j]udicial review of a labor-arbitration pursuant to [a collective bargaining] agreement is very limited." *Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 509, 509 (2001); *see also United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 36 (1987) (judicial review of labor arbitration decisions is extremely limited). When an employer and union agree to binding arbitration, courts "should not undertake to review the merits of arbitration awards but should defer to the tribunal chosen by the parties finally to settle their disputes." *United Steelworkers of Am. v. Enter. Wheel and Car Corp.,* 363 U.S. 593, 596, 598-99 (1960); *see also Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 563 (1976); *DeFillippes v. Star Ledger*, 872 F. Supp. 138, 140 (D.N.J. 1994). In other words, "[i]n reviewing an arbitral award, courts must recognize that the parties bargained for the arbitrator's construction of the agreement." *News Am. Publ'ns, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990) (citing *Enter. Wheel,* 363 U.S. at 599).

A court reviewing a labor arbitration award must first examine whether the arbitrator's decision exceeded her authority. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2004). This consideration is grounded in the provision of the Federal Arbitration Act, 9 U.S.C. § 10(a)(4), which states that an award may be vacated "if the arbitrators exceed their powers, or so imperfectly execute them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* This Circuit has held that "[t]he reviewing court is directed to 'presume that an arbitrator acted within the scope of [her] authority . . .; however, [it] may conclude that [she] exceeded [that] authority when it is obvious from the written opinion.'" *Id.* (citing *Metromedia Energy, Inc. v. Enserch Energy Servs., Inc.*, 409 F.3d 574, 580 (3d Cir. 2005)).

If the Court finds that the arbitrator did not exceed her authority, the Court next reviews the arbitration's outcome. *Major League Umpires Ass'n,* 357 F.3d at 279-80. However, a reviewing court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Garvey*, 532 U.S. at 509. "A court may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract, . . . or because it believes its interpretation of the contract is better than that of the arbitrator," *News Am. Publ'ns, Inc.*, 918 F.2d at 24 (internal citations omitted).

As long as "an arbitration award draws its essence from the collective bargaining agreement, a court should uphold it." *Nat'l Ass'n of Letter Carriers, AFL-CIO v. U.S.P.S.*, 272 F.3d 182, 185 (3d Cir. 2001). "An award may fairly be said to 'draw[] its essence from the bargaining agreement if the interpretation can in *any rational way* be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention.'" *Major League Umpires Ass'n,* 357 F.3d at 280 (quoting *United Transp. Union Local 1589 v. Suburban*

*Transit Corp.,* 51 F.3d 376, 379-80 (3d Cir. 1995) (emphasis in original)). "There must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." *News Am. Publ'ns, Inc.*, 918 F.2d at 24 (citing *NF & M Corp. v. United Steelworkers of America,* 524 F.2d 756, 760 (3d Cir. 1975)). Thus, only where there is a "'manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.'" *Id.* at 759 (quoting *Ludwig,* 405 F.2d at 1128). Accordingly, the Third Circuit has emphasized the "effusively deferential language" used to describe the standard for reviewing an award on the merits. *Matteson v. Ryder Sys. Inc.*, 99 F.3d at 113; *see also Brentwood Med. Assocs. v. United Mine Workers of America,* 396 F.3d 237 (3d Cir. 2005) (summarizing issue as whether parties obtained contract interpretation rationally based on language of agreement and rationale of award).

### III. DISCUSSION

#### A. Sufficiency of Breach of Contract Complaint

Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging failure to state a claim for breach of contract. (Dkt. No. 17 at 1, 3). Pursuant to Fed. R. Civ. P. 12(b), a motion asserting a 12(b)(6) defense "must be made before pleading if a responsive pleading is allowed." Here, the Government filed its Motion to Dismiss after its Answer and Counterclaims, and Plaintiff's Answer to the Counterclaims, were already filed. Therefore, the Motion to Dismiss is untimely for purposes of Rule 12(b)(6). *Dukes v. Lancer Ins. Co.*, 390 F. App'x 159, 163 n.4 (3d Cir. 2010). The Court, however, will treat Defendant's 12(b)(6) Motion as a Rule 12(c) Motion, which is the proper vehicle for filing a motion to dismiss for failure to state a claim once the pleadings are closed. *Andro v. Union Carbide Corp.*, 2014 WL 1371713, at *2 (D.N.J. Apr. 8, 2014) ("[T]he pleadings are closed for purposes of Rule 12(c) once a complaint

and answer have been filed") (internal citation and quotation marks omitted); *see also Newton v. Greenwich Twp.*, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012) ("The difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6) motion.") (citing *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)).

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because the "Complaint is wholly lacking in factual allegations to support the elements of the sole count alleged." (Dkt. No. 17 at 3). It is Defendant's position that "Plaintiff's Complaint relies on conclusory allegations" and therefore should be dismissed. *Id*. Plaintiff argues in opposition that its Complaint sufficiently pleads facts to establish the elements of its claim. (Dkt. No. 20 at 2-5).

The Court finds that Defendant has not met its burden of showing that Plaintiff has failed to state a claim upon which relief can be granted. *Hedges*, 404 F.3d at 750. Contrary to Defendant's assertions, the Court finds that Plaintiff has indeed stated sufficient factual allegations, accepted as true, to state a claim for breach of contract. (Dkt. No. 1 ¶¶ 5-20) (stating facts alleging that the Arbitrator rendered a Decision and Award pursuant to the CBA with which Defendant has failed to comply). Accordingly, the Court will deny Defendant's Motion to Dismiss.

B.    **Merits of Case**

Plaintiff USW seeks through summary judgment to have this Court enforce the Arbitration Award, which ordered the Government to compensate Bramble from the time he was placed on leave without pay to the issuance of the Arbitration Award. Plaintiff also seeks attorneys' fees.[1]

---

[1] Plaintiff USW also requests pre-judgment interest in its Motion for Summary Judgment. (Dkt. No. 18 at 1). However, Plaintiff makes no argument in support of this request in its Memorandum in support of its Motion for Summary Judgment. (Dkt. No. 19). Therefore, the Court will not address this request.

11

The Court will grant Plaintiff's Motion for Summary Judgment in part, by enforcing the Arbitration Award, while denying Plaintiff's request for attorneys' fees.

### 1. Enforcement of Award

Plaintiff argues that the Court should enforce the Arbitration Award because "the Arbitrator's decision was undoubtedly construing and applying the parties' Agreement." (Dkt. No. 19 at 1-2). According to Plaintiff, the Arbitrator rightly examined the express terms of the CBA and rationally determined that the language of Article XIII Section 15C contemplates that the "final disposition" of a grievance in Bramble's case was not marked by his termination by the Hospital, but by the conclusion of the arbitration which resulted in the issuance of the Arbitration Award. *Id.* at 4-5. As a result, under the express terms of Article XIII Section 15C, this "guaranteed Bramble's compensation until the date the Award issued." *Id*. at 5. Thus, Plaintiff maintains that because the Arbitrator's decision was not an "irrational interpretation" divergent from the contract's terms, there is no basis for this Court to refuse to enforce the Award. *Id*. at 6.

In making its argument, Plaintiff USW urges the Court to discount the Government's argument that it made to Arbitrator Vonhof that, in the Government's experience, no other arbitrator had interpreted similar language to that of the CBA as she had done. (Dkt. No. 19 at 6). In its Motion for Reconsideration, the Government submitted an arbitration award of another grievant which found that a "final disposition" means the employer's final determination of the matter. *Id*. Plaintiff asserts that this argument fails here because there was "no provision in the parties' Agreement that [required the arbitrator] to be bound by earlier arbitration awards." *Id*. "The parties bargained for the arbitrator's interpretation in each case brought before an arbitrator, and a court may not refuse to enforce such an interpretation simply because another arbitrator may have interpreted the same language differently." *Id*.

In opposing Plaintiff's Motion for Summary Judgment, the Government argues that upholding the Arbitration Award is "in effect compensating [Bramble] after he was terminated." (Dkt. No. 21 at 1-2). This, according to the Government, "set[s] a precedent that an employee can be unjustly enriched after a termination is upheld by an arbitration." *Id*. at 2. Moreover, the Government argues that the "hospital is not in a position to pay that amount [awarded to Bramble.]" *Id*. Accordingly, the Government urges the Court to find that Bramble is only owed compensation "from the time he was placed on leave without pay (October 31, 2014)" to when "the date of termination became effective (November 14, 2014)." *Id*.

As noted earlier, this Court's review of an arbitration award is extremely limited, encompassing only whether the arbitrator acted within the scope of her authority and whether the award draws its essence from the CBA. *GK MGT Inc. v. Local 274, Hotel Employees & Rest. Employees Union, AFL-CIO*, 930 F.2d 301, 304 (3d Cir. 1991). Here, the Court finds in the affirmative on both issues.

First, the Court finds that resolution of the issues concerning Bramble's termination and the compensation to which he is entitled was within the scope of the Arbitrator's authority. The CBA describes the "purpose and intent of the parties" as, inter alia, "set[ting] forth certain agreements pertaining to terms and conditions of employment to be observed between the parties." (Dkt. No. 19 Ex. 3 at 4). Among the terms and conditions is that "[n]o employee shall be suspended or discharged except for just cause." *Id*. at 38. Another term or condition is that "if an employee is suspended or discharged for cause, his right to compensation shall remain unaffected until a grievance challenging the suspension or discharge has been finally disposed of." *Id*. Any "complaint, dispute or controversy between the parties as to the interpretation, violation, application or performance" of the CBA constitutes a grievance. *Id*. at 34. The CBA further sets

forth the specific process to be employed for "[g]rievances arising from suspension, demotion or discharge . . . ." *Id*. at 38. The process contemplates that if a grievance "remains unsettled" after review by the Agency Head, the Union may appeal the matter to arbitration. *Id*.

The matter at hand clearly falls within the parameters of the CBA, as it involves alleged violations of particular terms and conditions of that Agreement—specifically whether Bramble was discharged for just cause and the compensation to which he is entitled. *Id*. at 38; (Dkt. No. 19 Ex. 4 at 1). As part of the grievance procedure, the matter was properly before the Arbitrator. Thus, the Arbitrator's finding, inter alia, that the Government is required to compensate Bramble from the date he was placed on leave without pay (October 31, 2014) to the date the Arbitration Award was issued (January 9, 2017) was within the scope of the Arbitrator's authority to adjudicate.

Because the Court is satisfied that Arbitrator Vonhof did not exceed her authority in adjudicating the issue of the compensation to which Bramble is entitled, it must next determine whether the Award she issued "[drew] its essence from the bargaining agreement." *Nat'l Ass'n of Letter Carriers*, 272 F.3d at 185. As discussed above, an award which "in *any rational way* [can] be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention,'" *Major League Umpires Ass'n,* 357 F.3d at 281, must be upheld by the Court due to the highly deferential standard accorded arbitration decisions in this Circuit. *News Am. Publ'ns, Inc*., 918 F.2d at 24. It matters not whether the Court agrees with the Arbitrator's interpretation of the CBA because "the parties bargained for the arbitrator's construction of the agreement." *Id*.

Here, the Arbitrator's compensation decision "cannot be held to be arbitrary, irrational, unsupported, or unreasonable" because she "grounded" the decision "in specific provisions of the parties' agreement and [it] reflected a reasonable analysis of the merits." *Int'l Bhd. of Elec. Workers*

*v. FirstEnergy Generation Corp.*, 2008 WL 4462123, at *6 (W.D. Pa. Sept. 29, 2008). Article XIII Section 15C of the CBA explicitly provides that "[i]f an employee is suspended or discharged for cause, his right to compensation shall remain unaffected until a grievance challenging the suspension or discharge has been finally disposed of or the time in which to file a grievance has expired." (Dkt. No. 19 Ex. 3 at 39). Based on the language of this provision, the Arbitrator found that the grievance was timely filed and not finally disposed of until her final Decision and Award.

The Arbitrator's decision that the instant grievance had been "finally disposed of" by the issuance of the Award was a rational interpretation of the CBA in light of the fact that the Award marked the conclusion of the grievant's arbitration procedure. That this reading of the CBA is not irrational is supported by Article XIII Section 2 which renders the grievance procedure, including arbitration, as the exclusive means of addressing all grievances arising under the CBA, and Article XIII Section 8G which states that the arbitrator's decision under this procedure is "final." Further, Article XIII Section 15B states that "[i]n the event that a grievance *remains unsettled*," a union such as USW may appeal the matter to arbitration. *Id*. at 38 (emphasis added). The fact that the CBA terms the grievance "unsettled" when it is brought before an arbitrator supports an interpretation that the grievance is not "finally disposed of" until an arbitrator's decision. Thus, the Arbitration Decision demonstratively "drew its essence from" the language of the CBA. *Int'l Bhd. of Elec. Workers*, 2008 WL 4462123 at *6; *see also Adbill*, 1984 WL 73 at *3 (finding that the arbitrator's award "draws its essence from the collective bargaining agreement between plaintiff and defendant," where the agreement "plainly empowers the arbitrator" to decide the discipline to be imposed on an offending employee).

Once the court finds that the arbitration award has a rational basis in the agreement, it is not the place of the court to reevaluate the merits of the arbitrator's decision. *Garvey*, 532 U.S. at

15

509.[2] Instead, the court's role is to ensure that the Arbitrator has not exceeded the scope of his authority, and if the decision is final and binding, to enforce it. *Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 938 F. Supp. 2d 555, 561 (W.D. Pa. 2013). Because this Court finds that the Arbitration Award passes muster under the applicable standard of review, and Defendant's noncompliance with the Arbitrator's decision has been established, judicial enforcement of the Award is appropriate. *See id.* (district court "has the authority to enforce awards issued by an arbitrator when one party does not comply with the award.").

The Government's arguments to the contrary do not alter the Court's conclusion. First, the Government argues in its opposition to Plaintiff's Motion for Summary Judgment that the Court should not enforce the Arbitration Award because it would unjustly enrich Bramble, who the Arbitrator found to have been terminated for just cause. While the Court appreciates the logic of the Government's argument, "an unjust enrichment claim is barred where the parties' relationship is based on a written contract, unless there is a dispute as to the contract's validity." *Black v. Cmty. Educ. Centers, Inc.*, 2014 WL 859313, at *4 (E.D. Pa. Mar. 4, 2014). Here, the validity of the CBA was not in dispute—only its interpretation.

The Government also argues that this Court should not enforce the Arbitration Award because the Hospital is in dire financial straits and is not in a position to pay Bramble. (Dkt. Nos. 21 at 2, 24 at 1). However, there is nothing in the record to suggest that the Government raised the issue of the Hospital's financial condition during the arbitration, when it was put on notice that Plaintiff was seeking compensation for Bramble. "The long-established federal policy of settling disputes by arbitration would be seriously undermined if parties kept available information from

---

[2] Thus, the fact that another arbitrator may have previously reached a different decision is of no consequence for purposes of this analysis as long as the Court finds—as it does—that there is a rational basis for the instant decision.

the arbitrator and then attempted to use the information as a defense to compliance with an adverse award." *United Food and Commercial Workers Union Local 1776 v. Excel Corp.*, 470 F.3d 143, 149 (3d Cir. 2006) (internal quotation and citation omitted). "The failure to pose an *available* argument to the arbitrator waives that argument in collateral proceedings . . . ." *Ganton Techs., Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 358 F.3d 459, 462 (7th Cir. 2004) (emphasis added); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Neville Chem. Co.*, 298 F. App'x 209, 211 (3d Cir. 2008) (concluding that the employer waived an argument in part because the employer failed to raise it during the arbitration despite it being available to him at the time). Moreover, even assuming that the Hospital's alleged financial condition arose after the arbitration concluded,[3] the Government has failed to provide any legal authority to support the proposition that the Government's financial condition is a valid defense to the Court's entry of an Order enforcing a properly entered arbitration award.

Accordingly, because the Court finds that the Government's arguments are without merit and the operative facts of this case as adduced from the record reveal no genuine issue of material fact as to whether Defendant's continued refusal to pay Bramble his compensation is a breach of the parties' CBA, summary judgment for Plaintiff will be granted on the issue of the enforcement of the Arbitration Award.

---

[3] The Court notes that in its opposition to Plaintiff's Motion for Summary Judgment filed on December 5, 2017, the Government states that "[t]he hospital is not in a position to pay [the amount of the Arbitration Award], and is in fact in the process of reducing its workforce and has been forced to lay employees off due to its financial constraints[,]" (Dkt. No. 21 at 2), and in its Informative Motion filed on June 18, 2018, the Government asserts that "due to financial constraints, it is unable to pay anything to [Bramble]" (Dkt. No. 24 at 2). Neither filing included any factual or legal support for the Government's assertions.

### 2. Attorneys' Fees

Plaintiff also seeks an award of attorneys' fees. In an action to enforce a labor arbitration award, it is within the district court's discretion to award attorneys' fees if the employer acted without justification or did not have a reasonable chance to prevail. *Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Bros., Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980). The moving party has the burden of proving that the noncompliant party's position is unjustifiable. *Educ. Adm'rs Ass'n of St. Croix on Behalf of Covey v. Gov't of Virgin Islands, Dep't of Educ.*, 1992 WL 510891, at *4 (D.V.I. Jan. 29, 1992) (awarding attorneys' fees because the defendant offered no reason why it failed to comply with the award). Here, Plaintiff asserts that it should be awarded attorneys' fees because the Government had neither a reasonable chance of prevailing in this action nor a justification for its failure to abide by the Award. (Dkt. No. 19 at 7).

The Court finds that Plaintiff has failed to show that the Government acted without justification and had no reasonable chance of prevailing. The Government raised its disagreement over the Arbitrator's interpretation of the CBA in its Motion for Reconsideration, wherein it asserted that the language in the CBA is routine, and in the Government's experience, this is the first time compensation was awarded to a grievant like Bramble whose grievance was dismissed and who was ultimately terminated. (Dkt. No. 19 Ex. 5 at 2-3). In support of this contention, the Government cited *Grisar v. V.I. Department of Education,* RA-035-09, *5-6 (Arbitrator Marc Winters, Apr. 23, 2010). In *Grisar*, an arbitrator considered a provision which stated that a proceeding for dismissal "shall not result in loss of pay while pending and until final disposition." *Grisar,* RA-035-09 at *4. The arbitrator in *Grisar* found that "final disposition" means the *employer's* final determination of the matter. *Id*. at *7. The arbitrator came to this conclusion in part because it was consistent with other decisions. *Id*. at *6.

The Court deems it significant in considering the issue of attorneys' fees that there apparently were prior arbitration decisions on the compensation issue that were in accord with the Government's argument. Indeed, it is notable in this regard that Plaintiff did not challenge the substance of the Government's argument but maintained instead that it was of no import in resolving the issue before the Court because the Arbitrator was not bound by earlier arbitration awards, and the Court could not refuse to enforce the Arbitrator's interpretation "simply because another arbitrator may have interpreted the same language differently." (Dkt. No. 19 at 6). While correct on the merits, Plaintiff's argument also suggests that Defendant had at least a reasonable basis for challenging the Arbitrator's Award.

In view of the foregoing, the Court will deny Plaintiff's request for attorneys' fees because Plaintiff has failed to meet its burden of proving that the Government's position was unjustifiable.

### C. Informative Motion

Defendant requests in its Informative Motion that if the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion to Dismiss, it order the John F. Luis Hospital and Medical Center's Chief Executive Officer and Chief Financial Officer to attend all conferences and hearings before the Court. (Dkt. No. 24). However, the Court has no conferences or hearings scheduled at this time. Moreover, Defendant has failed to explain why a Court Order would be required to ensure the presence of these individuals if the Government deemed their presence necessary at a future conference or hearing. Accordingly, the Court will deny without prejudice Defendant's Informative Motion.

### IV. CONCLUSION

For the reasons set forth above, the Court will grant in part Plaintiff's Motion for Summary Judgment, deny Defendant's Motion to Dismiss, and deny without prejudice Defendant's

Informative Motion. Specifically, the Court will enforce the Arbitration Award and deny Plaintiff's request for attorneys' fees.

      An appropriate Order accompanies this Memorandum Opinion.

Date: July 6, 2020                                                     _____/s/_____
                                                                                 WILMA A. LEWIS
                                                                                 Chief Judge